## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**TIMOTHY C. PETTWAY,**

     Plaintiff,

     v.

**OHIO DEPARTMENT OF
REHABILITATION AND CORRECTIONS,
et al.,**

     Defendants.

CASE NO. 3:26 CV 27

JUDGE JAMES R. KNEPP II

**MEMORANDUM OPINION AND
ORDER**

### BACKGROUND

*Pro se* Plaintiff Timothy C. Pettway, an Ohio prisoner currently incarcerated in the Ross Correctional Institution, has filed an *in forma pauperis* prisoner civil rights complaint against the Ohio Department of Rehabilitation and Corrections, the Marion Correctional Institution ("MCI"), MCI Corrections Officers Sheri Berchtold and Isaiah Patterson, Institutional Inspector William Baldwin, and Institutional Investigator Jerry Hecker. (Doc. 1).

Plaintiff's Complaint pertains to disciplinary charges against him in connection with events that occurred while he was previously incarcerated at MCI. *See generally id.*

Plaintiff contends in July 2025, Officer Berchtold "initiated . . . inappropriate sexual conduct by making sexually seductive and suggestive conversation, encouraging [him] to masturbate in her presence, while she stood by and watched for her own sexual gratification." *Id.*

at ¶ 9.[1] Based on this, he asserts he believed "similar conduct was welcome," and on August 7, 2025, he again masturbated in Officer Berchtold's presence. *Id.* at ¶ 10.

After this incident, Officer Berchtold filed a conduct report against Plaintiff, and Plaintiff then filed a grievance of sexual misconduct against Officer Berchtold. *See* Docs. 1-3; 1-4. Defendant Baldwin classified Plaintiff's grievance as a claim under the Prison Rape Elimination Act ("PREA") and forwarded it to Institutional Inspector Hecker, who investigated the incident and ultimately found Plaintiff's grievance "unfounded." *See* Doc. 1 at ¶¶ 16-25.

Plaintiff was later called before the Institutional Rule Infraction Board ("RIB"), chaired by Defendant Patterson, for disciplinary hearings on Officer Berchtold's conduct report, as well as on a conduct report filed by Inspector Hecker charging Plaintiff with making a false PREA claim and engaging in stalking behavior toward Berchtold. *Id.* at ¶¶ 27-30. Plaintiff appeared before the RIB for disciplinary hearings on August 21, 2025. *Id.* at ¶ 29. He was found guilty of the charges, confined in segregation, and subjected to an increase in his security classification. *See* Docs. 1-10, 1-11; *see also* Doc. 1, at ¶¶ 38, 41, 49.

In his Complaint, Plaintiff contends that he was deprived of a fair and impartial disciplinary process, including that his grievance was wrongly "reclassified" as a PREA claim, that evidence was suppressed, that he was denied the ability to confront and cross-examine witnesses, and that he was retaliated against. *See generally* Doc. 1.

He states he seeks "damages, declaratory, and injunctive relief under 42 U.S.C. [§] 1983, alleging sexual abuse, retaliation, denial of Due Process, right to be confronted by all witnesses, Cruel & Unusual punishment, and Double Jeopardy in violation of the First, Fourth, Fifth,

---

1. The Court cites to specific numbered paragraphs of the Complaint where possible, and to page numbers therein otherwise.

Eighth, and Fourteenth Amendment[s] . . . and confin[ed] in segregation in violation of the Due Process clause." (Doc. 1, at 2).

### STANDARD OF REVIEW

*Pro se* complaints are generally liberally construed and held to more lenient standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), but this lenient treatment "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations or construct claims on their behalf. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Federal district courts, moreover, are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Federal Civil Rule 12(b)(6) governs in determining whether a *pro se* complaint states a claim for relief. *Hill*, 630 F.3d at 470-71. To survive a dismissal for failure to state a claim, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* at 471; *see also Twombly*, 550 U.S. at 555 (stating the allegations in the pleading "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations . . . are true (even if doubtful in fact)").

### DISCUSSION

3

Upon review, the Court finds Plaintiff's Complaint warrants dismissal in accordance with 28 U.S.C. § 1915(e)(2)(B).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts demonstrating a person acting under color of state law violated his rights secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 82 (1988). Plaintiff's Complaint fails to allege any plausible constitutional claim upon which he may be granted relief.

First, Plaintiff's Complaint fails to allege a plausible constitutional Due Process claim in connection with his prison charges and discipline. "Prisoners have narrower liberty interests than other citizens as 'lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights.'" *Grinter v. Knight*, 532 F.3d 567, 573 (6th Cir. 2008) (quoting *Sandin v. Conner*, 515 U.S. 472, 485 (1995)). "The Due Process Clause standing alone confers no liberty interest in freedom from state action taken within the sentence imposed." *Sandin*, 515 U.S. at 480 (citation modified).

In *Sandin*, the Supreme Court held a prisoner can claim a protected liberty interest with respect to prison discipline only in two circumstances: where the actions of prison officials "affect the duration," *i.e.*, extend the term of the prisoner's sentence, *id*. at 487; or where the restraints imposed by the state amount to "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484. The Court held, however, that a 30-day period of confinement in disciplinary segregation for 23 hours and 10 minutes per day "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest" for an inmate serving an indeterminate sentence of 30 years to life. *Id*. at 486.

Thus, "[g]enerally, unless placement in disciplinary confinement is accompanied by a withdrawal of good time credits or is for a significant period of time that presents an unusual

4

hardship on the inmate," no constitutionally-protected due process interest is implicated. *Ford v. Harvey*, 106 F. App'x 397, 399 (6th Cir. 2004) (holding a state prisoner's placement in disciplinary confinement and increased security classification status did not trigger constitutional due process protections). In addition, "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). The Sixth Circuit has made clear that, unless to a "supermax" facility (with "harsh conditions" that in fact impose atypical hardship), an inmate's transfer does not give rise to a constitutional liberty interest. *Bell v. Wilkinson*, 145 F. App'x 169, 171 (6th Cir. 2005).

Plaintiff's complaint does not allege prison discipline implicating constitutional Due Process concerns. He has not alleged a loss of good time credits, or disciplinary action that amounts to "atypical and significant hardship" in the context of prison life. *See Ford*, 106 F. App'x at 399 (quoting *Sandin*, 515 U.S. at 484); *Bell*, 145 F. App'x at 171.

Further, a federal court's ability to review prison disciplinary procedures is very limited, and a court must uphold a prison disciplinary board's determination as consistent with due process as long as the prisoner received basic procedural protections and the prison disciplinary committee's findings are supported by "some evidence" in the record. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). "Some evidence," as its wording suggests, is a "lenient standard." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). It is satisfied where "there is any evidence in the record that could support the conclusion reached by the disciplinary board," even when the evidence used against the prisoner "might be characterized as meager." *Hill*, 472 U.S. at 455-57. Although Plaintiff contests the propriety of the disciplinary charges and determinations against him, his Complaint does not allege cogent facts plausibly suggesting he

5

was denied requisite basic procedural protections, and it is readily apparent that "some evidence" existed to support the disciplinary determinations made.

Second, Plaintiff's allegations are also insufficient to demonstrate any other plausible constitutional claim upon which he may be granted relief.

Prisoners who are lawfully committed to a penal institution are not entitled to the "full panoply of rights" in disciplinary hearings which would be due in criminal prosecutions. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Accordingly, "[p]risoners in this context do not possess Sixth Amendment rights to confront and cross-examine witnesses." *Henderson v. U.S. Parole Comm'n*, 13 F.3d 1073, 1078 (7th Cir. 1994); *see also Silva v. Casey*, 992 F.2d 20, 22 (2d Cir. 1993) ("[A]n inmate has no constitutional right of confrontation."). Similarly, "[p]rison disciplinary hearings are not part of a criminal prosecution and therefore do not implicate double jeopardy concerns." *Lucero v. Gunter*, 17 F.3d 1347, 1351 (10th Cir. 1994) (citation modified); *see also United States v. Simpson*, 546 F.3d 394, 398 (6th Cir. 2008) ("The Double Jeopardy Clause was not intended to inhibit prison discipline.").

Nor are plaintiff's allegations sufficient to state a plausible Eighth Amendment claim. To make out an Eighth Amendment claim, an inmate must demonstrate that he has been deprived "of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Alleging that prison conditions "are restrictive and even harsh" is insufficient to state a claim because such conditions "are part of the penalty that criminal offenders pay for their offenses against society." *Id.* Rather, "extreme deprivations" are required to state a claim. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an

Eighth Amendment violation.") (citation modified). Plaintiff's allegations, complaining of discipline that does not rise to the level of atypical and significant hardship in relation to the ordinary incidents of prison life, do not reasonably suggest he has been subjected to cruel and unusual punishment within the meaning of the Eighth Amendment.

Plaintiff's allegations are also insufficient to allege a plausible retaliation claim. Although prisoners have a right to engage in constitutionally-protected First Amendment activity without retaliation, to state a First Amendment retaliation claim, a plaintiff must allege: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between the adverse action and the plaintiff's protected conduct. *Harbin-Bey v. Rutter*, 420 F.3d 571, 579 (6th Cir. 2005). Plaintiff's Complaint does not allege cogent facts plausibly suggesting these elements as to any Defendant.

Plaintiff's Complaint contains conclusory allegations that Officer Berchtold engaged in "predatory," "malicious," and "retaliatory" acts toward him (*see* Doc. 1 at ¶¶ 14, 41), but he does not link specific retaliatory acts to protected conduct he engaged in. To the extent he contends Officer Berchtold unlawfully retaliated against him by filing conduct charges against him, he fails to state a plausible claim because his pleading facially indicates Officer Berchtold filed her conduct report against Plaintiff on August 7, 2025, *before* Plaintiff filed his grievance against her, thereby negating any causal link between his protected activity and retaliatory conduct.

In addition, Plaintiff alleges in unclear and conclusory terms that Defendant Baldwin (and apparently also Defendants Patterson and Hecker) retaliated against him by failing to treat him fairly in connection with his grievance and the disciplinary proceedings against him, "motivated by an intent to silence [him] and protect a fellow corrections officer from

7

accountability." *See, e.g.*, Doc. 1 at ¶¶ 20, 43, 54, 55. But as the Sixth Circuit has repeatedly held, "conclusory allegations of retaliatory motive unsupported by material facts will not be sufficient to state a claim under § 1983." *Harbin-Bey*, 420 F.3d at 580 (citation modified); *see also McMillan v. Fielding*, 136 F. App'x 818, 820–21 (6th Cir. 2005) (finding a plaintiff's assumptions regarding the defendant's motivation purely conclusory and holding an inmate's unsupported contention that prison officer retaliated against him was "too attenuated to support retaliation claim"). As in *Harbin-Bey* and *McMillan*, Plaintiff's allegations of retaliation are simply too conclusory and attenuated to support a plausible claim.

Finally, beyond failing to allege a plausible constitutional claim, Plaintiff's § 1983 Complaint is barred under the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), in which the Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 if a judgment in favor of the prisoner on the claim would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. *Heck* applies to prison disciplinary convictions. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Accordingly, to the extent judgment in Plaintiff's favor on his claims would necessarily imply the invalidity of disciplinary determinations made against him by an RIB, those claims are not cognizable under § 1983 because he has not alleged or demonstrated that any conviction has been invalidated as required in *Heck*.

### CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Complaint be, and the same hereby is, DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B); and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: June 3, 2026

9